*Drane, for appellants.*

*Craddock, Trabue, for appellees.*

---

HALL'S SAFE & LOCK CO. *v.* H. J. MEADE.

**Attachment—Allegation of Non-residence.**

An allegation in a petition for rent that the defendants are non-residents authorizes attachment for the amount due.

**Attachment—Allegation of Fraud.**

An action can not be maintained to collect rent not due, even if plaintiff is entitled to recover, without an allegation of fraud upon which attachment can be based.

**Landlord and Tenant—Tenant from Year to Year—Notice.**

    A tenant from year to year can not abandon the premises on a few days' notice of his intention to do so, without the consent of the landlord.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

December 17, 1872.

Opinion by Judge Pryor:

The attachment in this case was granted and issued by virtue of Sec. 259, Code of Practice.

The grounds relied on are not embraced by the 5th section of Article 2, Revised Statutes, Chapter "Landlord and Tenant." By the provision of this section of the statute there must be a statement, where the debt is not due, "that the landlord believes unless an attachment issues, he will lose his rent." The only allegation in the petition on this subject is that the tenant has removed his property from the leased premises and carried it out of the state to defraud plaintiff with the additional allegation that the appellant has other property within the city of Louisville. It is also a strained and liberal construction of the language of Sec. 259 of the Civil Code, that authorizes the conclusion that the allegations of the petition are even sufficient to authorize the issuing of an attachment under that section, considering, however, that the grounds for such an attachment are sufficiently alleged; still there is no proof sustaining the attachment as the answer puts in issue the alleged fraud. As to the rent due for the one month, viz., March, 1871, the allegations that the defendants are non-residents authorized an attachment for that amount, this fact being denied by the answer. As to the rent due at the institution of the suit the attachment was properly sustained, but as to the alleged claim for rent to become due thereafter the attachment should have been discharged and the petition dismissed. No action could have been maintained for the purpose of subjecting the rent not due, even if the appellee was entitled to recover, without some allegation of fraud, upon which an attachment could be based, and sustained by proof, and therefore the judgment must be reversed as to all the rent except that due when the suit was instituted. We are satisfied that the appellant intended under the lease to Ross & Nemler, and even if they are not bound by reason of their parol contract to pay for the whole term (a question it is now un-

necessary to decide), they made themselves tenants from year to year and a few days' notice only of their intention to quit did not authorize an abandonment at once of the premises, without the consent of the landlord. The judgment is therefore reversed as to all the rent not due when the suit was filed and the attachment as to this rent must be discharged and the petition therefore dismissed without prejudice and for further proceedings consistent with this opinion.

*Reid & Cary, for appellant.*

*Elliott, for appellee.*